**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-00031-001-TUC-JCH (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Edward Kwaku Boakye, | |
| Defendant. | |

Before the Court is Defendant's "Motion to Reconsider Detention" ("Motion"). Doc. 41. The Motion argues "new factors" justify reopening the detention hearing, presumably under 18 U.S.C. § 3142(f)(2), and asks this Court to reconsider its ruling with respect to Defendant's flight-risk.[1] *Id.* at 1–2. For the following reasons, the Court denies the Motion and affirms the pretrial detention order.

## I.    Background

Defendant faces charges related to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Doc. 11. On December 7, 2022, the FBI executed an arrest warrant on Defendant in Wilmington, Delaware. Doc. 16. On the same day, Defendant made his Initial Appearance in the District Court of Delaware and was ordered

---

[1] The government did not file a Response, and if it interprets the Motion as a motion for reconsideration, as this Court has, it is unlikely to do so absent leave from this Court. *See* LRCiv. 7.2(g) ("No response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for response.")

temporarily detained. *See United States of America v. Edward Kwaku Boakye*, 1:22-MJ-437-UNA-1, Doc. 5 (D. De. December 7, 2022). On December 12, 2022, United States Magistrate Judge Jennifer L. Hall held a Detention Hearing and ordered Defendant detained pretrial. *See* Doc. 39. Defendant was transported to Arizona, and on January 19, 2023, Defendant made his Initial Appearance in the District of Arizona before Magistrate Judge Leslie A. Bowman. Doc. 22. Arizona Pretrial Services reiterated Delaware's recommendation for Defendant's continued detention. Doc. 10. On February 6, 2023, Defendant filed a motion to reconsider detention with the Magistrate Judge offering purportedly new factors not considered by Judge Hall. *See* Doc. 25. Magistrate Judge Bruce G. Macdonald held a hearing on Defendant's motion on February 21, 2023. Doc. 28. Judge Macdonald denied the motion. *See* Doc. 28. Defendant filed his appeal on February 27, 2023. Doc. 29.

In resolving the detention appeal, this Court considered and reviewed the required factors under 18 U.S.C. § 3142(g). Doc. 40. The Court determined that all factors weighed in favor of detention based on flight risk. This includes the nature and circumstances of the offense, the weight of the evidence, and Defendant's history and characteristics. *Id.* Specifically, the Court found no reason to depart from Pretrial Service's repeated recommendations for Defendant's continued detention. *Id.* at 8.  The Court explained:

> Defendant fails to offer evidence verifying his employment or prospective housing. There remain questions regarding the validity of Defendant's self-reported employment, current income, and previous housing situation. Moreover, Defendant's significant foreign ties, allegations that significant fraud proceeds were transferred to Ghana and/or Nigeria and may be readily available, the possibility of unreported income, and the possibility of deportation, support an incentive to flee the United States and avoid prosecution in the face of the government's evidence. Thus, the government has shown by a preponderance of the evidence that there is a serious risk the Defendant will not appear.

*Id.* In reviewing potential release conditions, the Court concluded there were no condition or combination of conditions that would reasonably assure Defendant's appearance. *Id.* at

9. The Court denied Defendant's appeal. *Id.*

## II.  Legal Standard – Motion to Reopen Detention Hearing

A defendant may move a district court judge to revoke or amend a pretrial detention order issued by a magistrate judge. 18 U.S.C. § 3145(b). The district judge reviews the magistrate judge's detention order *de novo*, without deference to the magistrate judge's factual findings. *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990). The district judge reviews the evidence presented to the magistrate judge and makes "[their] own independent determination whether the magistrate [judge's] findings are correct, with no deference" to either the magistrate judge's factual findings or conclusion regarding the propriety of detention. *Id.* at 1192–93.

A detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B).

## III.  Analysis

Before the issue of detention may be reopened, Defendant must first establish that information now exists that was not known to the movant at the time of the initial detention hearing. 18 U.S.C. § 3142(f)(2)(B). Defendant offers no explanation why he has failed to acquire readily available evidence and, therefore, he does not meet the first prong under 18 U.S.C. § 3142(f)(2)(B). For example, Defendant contends that Pretrial Services was awaiting a hearing date before contacting Mr. Arthur Vareny and determining his suitability as Defendant's third-party custodian. Doc. 41 at 2 ("Mr. Sean Gallagher of Federal Pretrial Services was awaiting a hearing date from the Court prior to contacting Mr. Vareny and doing a report on whether he would be a suitable placement."). Defendant did not request a hearing in filing his appeal and made no representations regarding coordination efforts with Pretrial Services. *See* Doc. 29. Moreover, Defendant offers employment documents purportedly showing his employment throughout 2022. *See* Doc.

41-1. With one exception—the existence of Amazon paystubs purportedly contained on a device in government custody—Defendant fails to explain why these employment documents could not be provided at an earlier point. For these reasons alone, the Motion may be denied. 18 U.S.C. § 3142(f)(2)(B); *see United States v. Bowens*, 2007 WL 2220501, *2 (D. Ariz., July 31, 2007) ("A rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice.") (internal quotation and citation omitted).

The Court will nonetheless consider the information offered by Defendant. Defendant offers: (1) an attached a 1099-K form for Lyft employment between January and September 2022; (2) an attached tax summary form for Uber employment for undetermined dates in 2022; (3) a reference to pay stubs from Amazon indicating "[they] … are available on his phone in government custody"; and (4) Pretrial Services' purported willingness to verify Mr. Arthur Vareny as a third-party custodian. Doc. 41. He argues this is new information material to the Court's flight-risk determinations. *Id.* Some of these items are arguably material, and favor Defendant, but are insufficient to change the Court's conclusion.

For example, suitable housing was but one of several items demonstrating flight risk. Doc. 40 at 7 ("But even if Defendant had suitable housing, it seems unlikely he could overcome other factors demonstrating flight risk."). Defendant poses a flight risk, as identified by Pretrial Services, based on "his ties to a foreign country, his past foreign travel, his possession of a passport, and varying accounts of the defendant's living situation prior to his arrest, including potentially conflicting information." Doc. 17 at 2. Mr. Vareny's potential status as a third-party custodian does little to address these concerns and Defendant has yet to explain Mr. Vareny's relationship to Defendant. Doc. 40 at 7 ("Although Mr. Vareny indicates that he has known Defendant for ten years, he does not explain the nature of their relationship, and he has not been vetted by Pretrial Services."). Although Pretrial Services may be willing to screen Mr. Vareny, that does not now

constitute a material change in circumstances to justify a re-examination of Defendant's detention.

The Court is also unpersuaded by Defendant's proffered employment documents. The employment documents verify employment for part of 2022 but do not expressly support employment between October through December 2022 (the FBI executed the arrest warrant on December 7, 2022). *See* Doc. 41-1. Moreover, Defendant may have work available with Amazon but offers no supporting documentation from a *current* Amazon supervisor, irrespective of paystubs purportedly located on his personal device. Defendant also reiterates that he has potential employment with Lyft in both Arizona and New York, although this is less persuasive.[2] In sum, Defendant's proffers are insufficient to reopen detention, and the Court finds his circumstances unchanged. There are no conditions or any combination of conditions that would reasonably assure Defendant's appearance.

## IV.   Order

**IT IS ORDERED DENYING** Defendant's "Motion to Reconsider Detention" (Doc. 41). Defendant shall remain detained pending trial.

Dated this 4th day of April, 2023.

Honorable John C. Hinderaker
United States District Judge

---

[2] Lyft drivers remain independent contractors in Arizona. As such, an independent contractor is authorized to determine his days worked, time periods of work, and has the right to accept or decline request for services. *See* A.R.S. §23-1601(B). This substantially undercuts Defendant's argument that his work with Lyft in Arizona is akin to full-time employment.